UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM ARTHUR JOHNSON,

    **Plaintiff,**

    v.

ESTATE OF STEVEN B. HAZEN, BY AND
THROUGH DANIEL W. CRAMER, SPECIAL
ADMINISTRATOR AND HAZEN FARM,

    **Defendants.**

Case No. 2:23-CV-2057-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff filed this case on February 13, 2023, designating Kansas City, Kansas, as the place of trial. On June 26, 2023, Defendants filed a Motion for Change of Trial Location to Dodge City, Kansas or Wichita, Kansas (ECF No. 17). Defendants contend trial in this case should be held in Dodge City or Wichita, rather than in Kansas City, because Plaintiff does not reside in or live close to Kansas City and holding trial in Kansas City would be substantially inconvenient to the majority of the fact witnesses in this case. Plaintiff argues trial should take place in Kansas City because neither the convenience of the parties nor the interest of justice would be better served by transferring the case to Wichita or Dodge City. For the purposes of this Order, the Court will only consider a change in trial location to Wichita, Kansas, as the district judge, staff, and a federal courthouse are located in Wichita (and there is no federal courthouse in Dodge City). However, if appropriate, the Court may reconsider a trial location of Dodge City in the later stages of this case. For the reasons explained below, Defendants' motion is granted.

1

**I.     Legal Standards**

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a). [1] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses. [2] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical." [3] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer. [4] The moving party bears the burden of proving that the existing forum is inconvenient. [5] Indeed, courts

---

[1] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[2] 28 U.S.C. § 1404(a).

[3] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).

[4] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[5] *Id.*

in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient." [6] Each of the five enumerated factors is considered in turn below.

## II. Analysis

### A. Plaintiff's Choice of Forum

Defendants argue Plaintiff's choice of Kansas City as the forum for trial should be afforded virtually no weight within the balance of factors. Specifically, Defendants note (and it is undisputed) that Plaintiff does not reside in or near Kansas City. Although Plaintiff's choice of forum is entitled to great deference, such consideration is given less weight if the plaintiff's choice of forum is not his residence.[7] "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[8] Although the Court considers Plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[9] For these reasons, in its analysis the Court takes into account Plaintiff's Kansas City choice of forum but gives it little weight.

---

[6] *Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, *3 (D. Kan. June 8, 2006); *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[7] *Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[8] *Spires*, 2006 WL 1642701, at *2 (citations omitted).

[9] *Id.,* at *3.

3

### B. Convenience of the Witnesses

As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[10] Ultimately, the Court will grant the transfer motion only if it finds Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient.[11] Defendants argue transferring the forum to Wichita would reduce the burden on all fact witnesses, other than Plaintiff and Adrian Fischer, neither of whom appear to reside in Kansas.[12] Plaintiff argues Kansas City is a more convenient forum for three of Plaintiff's character witnesses, the doctor who performed Plaintiff's independent medical examination ("IME"), and Plaintiff's remaining treating medical providers.

This case concerns an accident that occurred in Pratt County, Kansas. Pratt County is 275 miles from Kansas City, Kansas, but only 79 miles from Wichita. Defendant lists ten health care providers located in Pratt County who treated Plaintiff immediately following the accident. Defendant argues a Kansas City trial location is substantially inconvenient for these 10 health care providers, as they would have to travel over three times as far to Kansas City as they would to Wichita. Further, the inconvenience created by forcing health care providers to travel for testimony impacts not only the providers themselves, but also the community in general and patients of these

---

[10] *Id.* (citing *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

[11] *Menefee*, 2009 WL 1313236, at *2.

[12] ECF No. 18, at 5.

4

providers.[13] Defendants also list Jule Hazen, Steven Hazen's son, as a witness to the accident who lives in Ashland, Kansas. Ashland, Kansas is 352 miles from Kansas City, Kansas, but only 142 miles from Wichita. Defendants argue a Kansas City trial location would be substantially inconvenient for Jule Hazen as he would have to travel over two times as far to Kansas City as he would to Wichita.

Defendants also argue a Kansas City, Kansas trial would be substantially inconvenient for Kelly Hazen, the potential future administrator of the Estate of Steven B. Hazen, and Daniel Cramer, the current administrator of the Estate of Steven B. Hazen, as they live in Protection, Kansas, and Wichita, Kansas, respectively. Protection, Kansas, is 352 miles from Kansas City, but only 142 miles from Wichita. Wichita, Kansas, is 196 miles from Kansas City, but 0 miles from Wichita. Defendants argue a Kansas City trial location would be substantially inconvenient for Kelly Hazen as she would have to travel over two times as far to Kansas City as she would to Wichita. Further, they argue Kansas City would be substantially inconvenient for Daniel Cramer, as he is located in Wichita and would have to travel 196 miles to Kansas City.

Conversely, Plaintiff argues Wichita is substantially more inconvenient for 10 out-of-state witnesses—three character witnesses and seven treating providers—located in Texas, because the Kansas City airport is an international airport with more flight options and cheaper costs than Wichita. However, this court "has refused to designate Kansas City as the place of trial over Wichita based on the size of the Kansas City International Airport, because Wichita also 'has a sizeable airport with national airlines.'"[14] Therefore, the Court concludes for the ten out-of-state

---

[13] *Callahan v. Bledsoe*, No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *5 (D. Kan. Apr. 6, 2017)

[14] *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022) (quoting *Callahan*, 2017 WL 1303269, at *3).

witnesses, attending trial at either Kansas City or Wichita would be equally inconvenient. Thus, Plaintiff's argument that Kansas City is more convenient only applies to the one remaining witness, Plaintiff's IME doctor. However, this Court has repeatedly found the location of expert witnesses to be insignificant when weighing the convenience and availability of witnesses.[15] Witnesses who are paid for their time and specifically agreed to be retained and participate in the case are less of a concern than witnesses who did not have a choice in the matter.[16]

In *Escalante v. Williams*, this Court found the convenience of witnesses factor strongly favored transferring the case from Kansas City to Wichita. In *Escalante,* the court found all or a substantial majority of the non-party fact witnesses identified by the defendant were in Dodge City, including more than ten Dodge City physicians, nurses, and therapists, plus two physicians from Wichita. The Dodge City witnesses would have had to travel more than twice as far each way to/from Kansas City as they would to/from Wichita (330 miles Dodge City to Kansas City versus 150 miles Dodge City to Wichita). For the same reason, the Court finds the convenience of witnesses factor strongly favors transferring this case from Kansas City to Wichita. Plaintiff has not identified any non-retained fact witnesses for which a Kansas City trial would be convenient. On the other hand, Defendants have listed more than ten witnesses who would have to drive more than twice as far to Kansas City as they would to Wichita and therefore would be substantially

---

[15] *See Walker*, 2022 WL 1081188, at *3; *Escalante*, 2018 WL 4341268, at *2 n.4.

[16] Plaintiff also argues the relative importance of the witnesses' testimony should factor into the Court's decision, and Defendant failed to show the importance of the ten or more witnesses supposedly inconvenienced by a Kansas City trial location (ECF No. 29 at 5). However, as Plaintiff has failed to identify any non-retained fact witnesses for which a Kansas City trial would be more convenient, there is no comparison to be made. In any event, even if he had, Defendant noted in its opening and reply brief that the treating providers saw Plaintiff's immediate post-accident condition, which is highly relevant to the case. (ECF No. 18 at 2–3, 6).

inconvenienced by a Kansas City trial. Thus, the Court finds the convenience of witnesses factor strongly favors setting Wichita as the place of trial.

  C. *Accessibility of Witnesses and Other Sources of Proof*

For the first time in their reply brief, Defendants raise the issue of the Court's subpoena power over witnesses beyond the 100-mile limit set under Fed. R. Civ. P. 45(c)(1)(A). However, Defendants raise the argument for the first time in their reply brief and therefore the Court does not consider it.[17] Thus, the Court gives no weight to this factor.

  D. *Fair Trial*

Defendants have not argued they would not receive a fair trial in Kansas City. In response, Plaintiff makes no argument that he would not receive a fair trial in Wichita. The Court knows of no reason the parties could not have a fair trial in either city and therefore gives no weight to this factor.

  E. *Other Considerations*

The final factor to consider weighs "all other practical considerations that make a trial easy, expeditious, and economical."[18] The only new argument Defendants make with regard to "other considerations" is that none of the parties' legal counsel are located in the Kansas City metropolitan area. Counsel for Plaintiff and Defendants are located in Wichita, Kansas. Further, the District Judge assigned to the case and staff are located in Wichita; thus the convenience of the Court weighs in favor of a trial in Wichita. On the whole, the Court finds that the "other considerations" also weigh in favor of a trial in Wichita.

---

[17] ECF No. 38 at 4; *VoteAmerica v. Schwab*, 576 F. Supp. 3d 862, 881 n. 5 (D. Kan. 2021).

[18] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Considering all the factors, the Court finds Defendants have met their burden to show that the case should be transferred to Wichita for trial based on its relative convenience for the witnesses, parties, and attorneys involved. As a result, in the interests of justice, the motion to transfer to Wichita is granted. In its discretion the Court may also, at or near the time of the pretrial conference, then consider transferring the case to Dodge City for trial.

**IT IS THEREFORE ORDERED THAT** the Motion by Defendants for Change of Trial Location to Dodge City, Kansas or Wichita, Kansas (ECF No. 17) is **GRANTED**. At this time, the Court designates **WICHITA** as the location of trial.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 1st day of August, 2023.

Teresa J. James
U. S. Magistrate Judge