UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM ARTHUR JOHNSON , <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF STEVEN B. HAZEN, BY AND THROUGH DANIEL W. CRAMER, SPECIAL ADMINISTRATOR AND HAZEN FARM, <br><br> Defendants. | Case No. 2:23-cv-2057-EFM-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Discovery Responses (ECF No. 47). Defendants seek an order pursuant to Fed. R. Civ. P. 37 overruling Plaintiff's objections and compelling Plaintiff to supplement his responses to Defendants' First Interrogatories to Plaintiff Nos. 3, 10, and 22, and respond to Defendants' Request for Production to Plaintiff No. 22.  For the reasons set forth below, Defendants' motion is granted.

**I.      Factual Background**

On January 4, 2022, Plaintiff and Defendant driver Hazen (deceased) were both traveling eastbound on U.S. Highway 54 in Pratt County, Kansas. Plaintiff and Defendant Hazen were each operating a semi-truck pulling a trailer. As the parties approached milepost 133, Defendant Hazen collided with Plaintiff's truck and trailer.  Plaintiff asserts negligence claims against Defendants. Plaintiff is also seeking damages for medical expenses to date, economic damages to date, future economic damages, noneconomic losses to date, future noneconomic loss, and future medical loss.

The parties made reasonable efforts to confer as required by D. Kan. Rule 37.2, and on September 6, 2023, the Court held a discovery status conference to discuss the parties' identified

discovery disputes. The Court provided its guidance on those disputes and directed the parties to continue conferring in good faith to see if they could reach an agreed resolution. On September 13, 2023, Defendants filed their Motion to Compel and it is now fully briefed.

## II.     Legal Standards

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34.[1] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[2]

The party filing the motion to compel need only file the motion and draw the court's attention to the relief sought.[3] At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.[4]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[2] Fed. R. Civ. P. 37(a)(4).

[3] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

[4] *Id.*

The information sought must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[5]

For discovery purposes, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[6] Relevance is often apparent on the face of the discovery request and often dictates which party bears the burden of showing either relevancy or the lack thereof.  If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[8] Relevancy determinations are generally made on a case-by-case basis.[9]

---

[5] *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021).

[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[7] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-CV-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[8] *Id.*

[9] *Id.*

3

**III.     Disputed Discovery**

    **A.     Plaintiff's Gross and Net Income from His Three Previous Employers Within Three Years Before This Accident (Interrogatory No. 3)**

Defendants' Interrogatory No. 3 requests Plaintiff provide the name and address of his present employer or if he is an independent contractor, the name of his business and the names of people or companies that hired him in the last three years, the name of his immediate supervisor, his average monthly gross and net earnings, and the nature of his work duties. In response, Plaintiff did not object and listed eight past employers, including KB Trucking, LLC, Cemex Concrete, and System Transport, but included only his approximate income or stated "I do not recall" and the positions he held there.

Defendants seek to compel Plaintiff to fully answer Interrogatory No. 3 by providing pre-accident monthly gross and net earnings history from three of Plaintiff's former employers: KB Trucking, LLC, Cemex Concrete, and System Transport. In response to the motion to compel, Plaintiff states he has abandoned his past lost wages claim, and therefore Defendants' request for pre-accident gross and net earnings is now moot and irrelevant to Plaintiff's remaining claims. The Court finds Plaintiff has not fully answered Interrogatory No. 3 because he failed to provide his monthly past gross and net earnings for the companies that hired him during the three years prior to the accident. Because Plaintiff did not object to Interrogatory No. 3, he has waived any objection.[10]

Even if Plaintiff had objected, the Court still finds Defendants' request for pre-accident monthly gross and net earnings history to be relevant to Plaintiff's remaining claims for damages. Defendants argue Plaintiff's past gross and net earnings from KB Trucking, LLC, Cemex

---

[10] *See* Fed. R. Civ. P. 35(b)(4).

Concrete, and System Transport are relevant to Plaintiff's claims for past lost wages and future lost wages. However, Plaintiff has abandoned his claim for past lost wages. Therefore, the only remaining issue is whether Plaintiff's previous three years of wages before the accident at issue are relevant to his claim for future lost wages. Defendants request this information to ascertain the amount for which they may be liable and to prepare for litigation to counter the amount of damages claimed by Plaintiff—either past or future. Due to the nature of his job as an independent contractor/truck driver and the fact that Plaintiff had only been working for Hirschbach Motors for three months before the accident, Plaintiff's monthly gross and net earnings prior to his current job may prove or disprove the potential amount of future income lost from the injuries sustained in the accident.

Further, Defendants are only requesting Plaintiff provide three years of previous monthly gross and net earnings from three employers, and his employment with each company lasted no longer than eight months. Plaintiff conclusorily states that this request is moot because he has abandoned his claim for "past" lost wages, without mention of his claim for "future" lost wages. Although Defendant did not file a reply brief and explicitly argue Plaintiff's past monthly gross and net earnings are relevant to Plaintiff's future lost wages claim, the Court finds that Plaintiff's pre-accident monthly gross and net earnings for the three years prior to his current employment may tend to prove or disprove the amount Plaintiff is claiming for future lost wages and are therefore relevant to his claimed damages. Thus, Defendant's motion to compel a response with respect to Interrogatory No. 3 is granted, and Plaintiff must produce his pre-accident monthly gross and net earnings history for KB Trucking, LLC, Cemex Concrete, and System Transport for the three years preceding the accident.

### B.     Plaintiff and His Attorneys' Agreements with Health Care Providers (Interrogatory No. 10)

Defendants' Interrogatory No. 10 asks Plaintiff: "To your knowledge or your lawyers' knowledge please describe all agreements, understandings, or communications between you or your lawyers and any of your health care providers that does affect or could affect how much money the providers will accept to satisfy the amounts billed for their services." In response, Plaintiff answered, "No, I am not aware of any such agreements."

Defendants seek a supplemental interrogatory response from Plaintiff that neither he nor his attorneys have any agreements with his health care providers other than those revealed in documents already produced. Plaintiff argues Defendants' request is moot because Plaintiff has supplied Defendants with all contractual letters of protection related to treating symptoms from injuries caused by the collision and will continue to do the same.

At the September 6, 2023, discovery conference, the Court instructed the parties that although Plaintiff has supplied Defendants with all contractual letters of protection related to treating symptoms from injuries caused by the collision and confirmed he will continue to do the same, Plaintiff must supplement his response to Interrogatory No. 10 saying the same. Therefore, Defendants' motion to compel a supplemental response with respect to Interrogatory No. 10 is granted, and Plaintiff must supplement his response confirming, as stated in their Response brief, that neither he nor his attorneys have any agreements with his health care providers other than those revealed in documents already produced by plaintiff and he is under a continuing obligation to supplement his response with future contractual letters of protection/agreements with his health care providers.

C. **A Complete Itemization of Plaintiff's $97,025.20 Bill from North Houston Surgical Hospital (Interrogatory No. 22)**

Defendants' Interrogatory No. 22 asks Plaintiff to set forth the amount of any bills or expenses in connection with the injuries he suffered, the service for which the bill or expense was incurred, and the identity of the person who rendered the bill or who was involved in the expense. Plaintiff responded stating he had a medical bill from North Houston Surgical Hospital in the amount of $97,025.20.

Defendants are seeking a supplemental response that includes an itemized medical bill for North Houston Surgical Hospital containing all Current Procedural Terminology ("CPT") codes or any other codes such as the International Classification of Diseases ("ICD") codes or the Diagnosis Related Group ("DRG") codes that could be used to evaluate the reasonable value of the healthcare services Plaintiff received. Plaintiff claims Defendants' request for a supplemental response is moot because Plaintiff requested, received, and produced an updated bill from North Houston Surgical Center.

The Court has reviewed the most recent North Houston Surgical Hospital bill for $97,025.20[11] and notes the CPT codes are missing for three different itemizations, totaling $18,865. The Court finds, and Plaintiff does not object, that the request for a complete itemization, including CPT codes, is relevant to Plaintiff's damages claim for medical expenses and Defendants' expert argument that the listed amounts may or may not be reasonable for the stated service. To the extent Plaintiff possesses the CPT codes, the Court grants Defendants' motion to compel Plaintiff to produce such information. However, under Federal Rule of Civil Procedure 34(a)(1), a party can only be required to produce documents within its "possession, custody, or

---

[11] Plaintiff's Resp. to Defendants' Motion to Compel Discovery (ECF No. 60 Ex. F).

control."[12] Documents beyond the possession of a party may still be required to be produced only under limited circumstances:

> Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained "any right or ability to influence the person in whose possession the documents lie." Put another way, "Rule 34 performs the salutary function of creating access to a documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source."[13]

Based on Plaintiff's assertion and production of his two attempts to retrieve an itemized bill from North Houston Surgical Hospital, the Court finds the remaining CPT codes cannot be "obtained easily from a third-party source." At this point, if Plaintiff does not have the CPT codes, they are not within Plaintiff's possession, custody, or control and therefore the Court will not require him to produce them. Defendants may issue their own subpoena to North Houston Surgical Hospital for their desired itemized version of the bill.

### D. Plaintiff's Facebook Content and Communications Regarding His Physical Abilities and Activities (Request for Production No. 22)

Defendants' Request for Production No. 22 asks Plaintiff to produce "a downloaded copy of your complete Facebook Profile since the date of the accident." Plaintiff objected to Defendants' request stating it was "overly broad and unduly burdensome and seeks information and documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." At the September 6, 2023, conference, Defendants agreed to revise their request and limit it to Plaintiff's Facebook content, communications, photos, and other interactions since the date of the accident that deal with his physical conditions, abilities, and activities. In

---

[12] Fed. R. Civ. P. 34(a).

[13] *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007).

response to the revised request for production, Plaintiff produced a screenshot of his Facebook profile page that is available to the Public which contains no posts, communications, or any content related to the injuries at issue in this case.

Defendants request the Court compel Plaintiff to produce a supplemental response to their revised Request No. 22 that includes Plaintiff's actual Facebook posts and communications that relate to his physical abilities, activities, injuries, or lack thereof. Plaintiff argues Defendants' request is overly broad and a "proverbial fishing expedition."

In *Stonebarger v. Union Pacific Corp.*, this Court analyzed how various courts have treated requests for social networking activity.[14] The Court opted to follow *Smith v. Hillshire Brands*,

> where plaintiff made an emotional distress claim, and determined that the best approach is "to allow defendant to discover not the contents of plaintiff's entire social networking activity, but any content that reveals plaintiff's emotional state, or content that refers to events that could reasonably be expected to produce in plaintiff a significant emotion or mental state."[15]

In the same manner, here, Defendants only request content related to Plaintiff's physical abilities, activities, injuries, or lack thereof, which Plaintiff has put at issue in this case. Further, the request only relates to content since the date of the accident, which was less than two years ago.

The Court finds Defendants' Request No. 22, as revised, is not overly broad and is supported by precedent. As stated in *Stonebarger*, allowing Defendants to view Plaintiff's Facebook content that relates to the accident strikes the "appropriate balance" between allowing Defendants to discover relevant information and protecting Plaintiff from a fishing expedition.[16]

---

[14] No. 13-CV-2137-JAR-TJJ, 2014 WL 2986892, at *4 (D. Kan. July 2, 2014).

[15] *Id*.; *Smith v. Hillshire Brands,* No. 13–2605–CM, 2014 WL 2804188 (D. Kan. June 20, 2014).

[16] 2014 WL 2986892, at *4.

Plaintiff does not assert that he even attempted to search for his posts relating to his physical condition, but merely provided a screenshot of his Facebook profile that is available to the public. The Court finds Plaintiff's production of his "public" Facebook profile is insufficient and he must produce his Facebook posts, photos, or any content made available to his Facebook "friends," not just the public, that relate to his injuries he put at issue in this case. While the Court acknowledges the content revealed to his "friends" is not public information, the fact that Plaintiff shared the content with at least 130 of his "friends" provides justification for disclosure of the information. Therefore, the Court grants Defendants' motion to compel as it relates to their revised Request No. 22 for Plaintiff's Facebook content, communications, photos, and other interactions since the date of the accident that deal with his physical conditions, abilities, and activities.

The Court finds that Plaintiff's objections are substantially justified and thus declines to order payment of Defendants' reasonable expenses incurred in making this motion.[17]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery Responses (ECF No. 47) is granted as to Defendant's First Interrogatories to Plaintiff Nos. 3, 10, and 22, and Defendant's Request for Production to Plaintiff No. 22.

**IT IS FURTHER ORDERED** that **within fourteen (14) days** from the date of this Memorandum and Order, Plaintiff must respond and produce documents as ordered herein.

IT IS SO ORDERED.

Dated November 1, 2023 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[17] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).