IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM ARTHUR JOHNSON,

    *Plaintiff*,

v.

DANIEL W. CRAMER, as Special
Administrator of the ESTATE OF
STEVEN B. HAZEN and HAZEN FARM,

    *Defendants*.

Case No. 23-CV-2057-EFM

**MEMORANDUM AND ORDER**

    Before the Court is Defendants' Motion for Change of Venue to Dodge City, Kansas (Doc. 74). This is Defendants' second change of venue request in this case. On August 1, 2023, Defendants asked the Magistrate Judge to change the trial location from Kansas City to Dodge City or Wichita. The Magistrate Judge granted Defendants' motion and designated Wichita as the location of the trial. Defendants did not object to the Magistrate Judge's ruling.

    Four months later, however, Defendants asked the District Judge to change venue from Wichita to Dodge City. Defendants contend that such a venue change would be more convenient for their witnesses and provide the best possibility of obtaining a fair trial. Plaintiff refutes these arguments and reasons that other practical considerations warrant denying Defendants' motion. For the reasons stated below, the Court finds that Defendants fail to meet their burden of demonstrating why the case should be transferred. Accordingly, the Court denies Defendants' Motion.

## Legal Standard

Local Rule 40.2 provides that "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[1] "In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."[2] Section 1404(a) provides in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3] Under this statute, district courts are afforded "broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness."[4]

In analyzing a motion to transfer, the Court considers the following factors: "(1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical."[5] The party moving to transfer venue "bears the burden of establishing that the existing forum is inconvenient."[6] This burden requires the movant to "demonstrate that the balance of factors '*strongly favors*' a transfer of venue under § 1404(a)."[7] "Merely shifting the inconvenience from one side to the other, however, obviously is not permissible justification for a change of venue."[8]

---

[1] D. Kan. R. 40.2(e).

[2] *Llizo v. City of Topeka*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012).

[3] 28 U.S.C. § 1404(a).

[4] *Draughon v. United States*, 103 F. Supp. 3d 1266, 1285 (D. Kan. 2015).

[5] *Llizo*, 844 F. Supp. 2d at 1214 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[6] *Chrysler*, 928 F.2d at 1515.

[7] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 n.13 (10th Cir. 2010) (emphasis added).

[8] *Id.* at 1167 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

**Analysis**

After reviewing the parties' submissions, the primary factors for consideration in this case are (1) the convenience of the witnesses, (2) the possibility of obtaining a fair trial, and (3) other practical considerations. The Court will address each in turn.

**A.     Convenience of the Witnesses**

According to Defendants, Dodge City is a far more convenient forum than Wichita because it is a closer drive for two key defense witnesses: (1) the special administrator of the decedent's estate, and (2) the decedent's son who was present at the scene of the accident. Defendant argues that both witnesses are farmers, and the trial would likely take place during harvest season. They contend that because the Wichita courthouse is located an extra hour and a half away from these witnesses' homes, they will not be able to work before or after the trial.

In contrast, almost all of Plaintiff's witnesses—including Plaintiff himself—reside out of state. Although Defendants suggest that flights are available from Houston to Dodge City, their evidence demonstrates that such a flight would cost at least $600 and have a layover in Denver. As Plaintiff points out, Wichita is home to an international airport which provides more flight options and lower costs. Plaintiff's other witnesses reside in Kansas City and Sedgwick County. Although the convenience of paid experts is given less consideration than the convenience of fact witnesses,[9] here, the inconvenience it would cause to the total number of witnesses impacted by a change of venue favors maintaining the status quo.

Additionally, Defendants claim that "[t]he trial will not be lengthy; it is estimated to last 3 to 4 days." Specifically regarding the decedent's son, Defendants estimate that he will attend "at least one day of trial." Thus, if the trial is already short and half of Defendants' impacted witnesses

---

[9] *Toelkes v. BNSF Ry. Co.*, 2015 U.S. Dist. LEXIS 156594, at *7 (D. Kan. Nov. 19, 2015).

will not attend the trial in full, having the trial in Wichita does not appear to impose an unreasonable burden. This cannot be said of most witnesses. Almost none live or work in or around Dodge City. As such, it appears that Wichita is the most convenient forum for most witnesses identified by the parties. Although a change of venue could materially impact one or two witnesses, this is not enough to warrant a change of venue.

### B.     Possibility of Obtaining a Fair Trial

Next, Defendants argue that the registered voters of Dodge City will not be able to serve on the jury if the trial takes place in Wichita, and thus they will not receive a jury of their Southwest-Kansas peers. Although this may have been true a few years ago, this is no longer the case.[10] In 2023, the local rules were amended so that now "a petit jury panel will be randomly drawn from the qualified jury wheel . . . at Wichita from the Wichita-Hutchinson and Dodge City divisions."[11] Thus, regardless of whether the trial is held in Wichita or Dodge City, the jury pool remains the same. As such, holding the trial in Wichita would not only permit Southwest-Kansas jurors to participate but would alleviate Defendants' concerns of receiving an unfair trial. Given this change in the local rules, the Court cannot conclude that Defendants risk receiving an unfair trial such that it would strongly favor a change of venue.

### C.     Other Practical Considerations

Plaintiffs contend that practical considerations warrant denying Defendants' change of venue request. Notably, Dodge City has no federal courthouse, federal judge, or federal court staff. Although the federal judge and staff could travel to Dodge City for the trial, they must bring with

---

[10] *Compare United States v. Allen*, 2018 U.S. Dist. LEXIS 7049, at *2–3 (D. Kan. Jan. 17, 2018) ("While the [jury selection] plan requires the Wichita grand jury panel to be composed of citizens from the Wichita-Hutchinson and Dodge City jury divisions, it does not impose the same requirement for petit juries."), *with* D. Kan. R. 38.1(h)(2)(A) (2023) (allowing all six divisions in the state of Kansas to be included in creating petit jury panels).

[11] D. Kan. R. 38.1(h)(2)(A)(iii).

them all their own resources and materials including computers, paper, printers, etc. This Court has held that "the convenience of the Court weighs in favor of a trial in the location where the district judge and staff are located."[12] In this case, the district judge and his staff are located in Wichita. This consideration, therefore, does not weigh in favor of changing the trial location from Wichita to Dodge City.

Here, the Court is not convinced that Defendants have sustained their burden of establishing that these factors, taken together, strongly favor a transfer of venue. Accordingly, the Court concludes that neither the convenience of the parties nor the interest of justice would be better served by transferring the case from Wichita to Dodge City.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Change of Trial Location to Dodge City, Kansas (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] *Baker v. Watson*, 2023 U.S. Dist. LEXIS 223620, at *10 (D. Kan. Dec. 15, 2023) (cleaned up).