IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM ARTHUR JOHNSON,

    *Plaintiff,*

v.

    Case No. 23-2057-EFM

KELLY HAZEN, ex rel. ESTATE of
STEVEN B. HAZEN, d/b/a HAZEN FARM,

    *Defendant.*

**MEMORANDUM AND ORDER**

Defendant, Kelly Hazen, Special Administrator of Steven B. Hazen's Estate, brings a Motion for Costs, Expenses, Attorneys' Fees, and Other Sanctions against Plaintiff's Counsel for Causing a Mistrial (Doc. 132). Defendant requests that the Court sanction Plaintiff's Counsel, Mr. Richard W. James, asserting that Mr. James's in-court conduct led to a mistrial. Plaintiff (unsurprisingly) disagrees and opposes the motion. For the reasons stated herein, the Court declines to exercise its discretion to impose sanctions and denies Defendant's motion.

**I.**    **Factual and Procedural Background**

Late in the afternoon on November 14, 2024—day three of a jury trial in the above-captioned case—the jury indicated to this Court's law clerk that it had a question about Mr. James's actions during the trial. Before resuming trial the next morning, the Court requested the jury communicate in writing the basis of its concern. The jury indicated in its statement that "five jurors" observed Mr. James gesture to Plaintiff while Plaintiff was testifying. The gestures included "[a] hand up to stop Mr. Johnson from answering a question, mouthing the word 'yes' before Mr. Johnson had a chance to answer the question, shook his head no, and thumbs up." In

summation, "[t]o the jurors who saw these actions it appeared like Mr. James was answering Mr. Johnson's questions for him."

After reading this statement to counsel, Mr. James assured the Court that he was not testifying for Plaintiff, but rather attempting to keep his testimony within the bounds of the Court's *in limine* rulings. The Court recessed to allow the parties to address the matter amongst themselves. After the recess, Defendant moved for a mistrial. Plaintiff opposed the motion, and instead requested a curative instruction. The Court found that Mr. James did not commit an ethical violation and distinguished what had actually happened—informed by Mr. James's explanation— from what the jury perceived to have happened. Finding it a "close call," the Court ultimately granted the motion and declared a mistrial. In doing so, the Court determined that preserving the appearance of a fair trial was an important facet of the judicial system, and the jury's perception of Mr. James' conduct may cause the appearance of an unfair trial.

After granting the motion for mistrial, Defendant made an oral motion for costs, expenses, and attorneys' fees, indicating that a written motion would follow. On December 12, 2024, Defendant filed the present motion. Plaintiff and Defendant timely filed their respective briefings. Because Defendant's reply asserted new arguments, the Court allowed Plaintiff to file a sur-reply. This matter is fully briefed and ripe for ruling.

## II.   Analysis

Defendant requests that the Court sanction Mr. James pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. On its face, Rule 11 only applies to written filings made to

-2-

the Court.[1] Because this motion concerns Mr. James's in-court behavior, rather than his written submissions, Rule 11 has no applicability.

Title 28, U.S.C. § 1927 authorizes an award of attorneys' fees and costs when an attorney has unreasonably and vexatiously multiplied the proceedings.[2] The Court has discretion when determining whether to award attorneys' fees under this provision.[3] The power of the Court to impose costs under this section "must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'"[4] "This is an extreme standard."[5]

Defendant frames the question before the Court as: Who should bear the additional financial burden of relitigating this case when a mistrial resulted from Plaintiff's conduct? Defendant's proposed answer is simple: Plaintiff's Counsel, because his in-court conduct caused the proceedings to be multiplied. However, § 1927 does not allow for sanctions to be imposed *any* time the proceedings are multiplied. Only when the proceedings are multiplied "unreasonably and vexatiously" may the Court exercise its discretion to impose a sanction.[6]

Here, the jury's perception of Mr. James's in-court actions led to the Court granting Defendant's motion for mistrial. However, Mr. James credibly articulated that—to the extent the jury perceived him gesturing to Plaintiff during his testimony—the gestures were meant to keep

---

[1] Fed. R. Civ. P. Rule 11(b)–(c) (allowing the court to impose appropriate sanctions when "a pleading, written motion, or other paper" is improperly presented to the court).

[2] 28 U.S.C. § 1927.

[3] *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[4] *Dreiling v. Peugeot Motors of Am.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968).

[5] *AeroTech*, 110 F.3d at 1528 (citation and quotation marks omitted).

[6] 28 U.S.C. § 1927 (emphasis added).

Plaintiff from running afoul of the Court's *in limine* evidentiary rulings. Informed by this explanation, the Court finds that Mr. James's actions do not rise to the level of "unreasonable" behavior. Rather, Mr. James's explanation reveals that the gesturing was not a "serious and standard disregard for the orderly process of justice."[7] Instead, it was an attempt to *maintain* the orderly process of justice by complying with the Court's *in limine* rulings. Accordingly, Mr. James's behavior was neither unreasonable nor intended to vexatiously multiply the proceedings. As such, the Court denies Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Written Motion and Memorandum in Support of Oral Motion for Costs, Expenses, Attorneys' Fees, and other Sanctions against Plaintiff's Counsel for Causing a Mistrial (Doc. 132) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of January, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Kiefel*, 404 F.2d at 1167.